IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**STATE FARM FIRE & CAS. CO.**                                                             **PLAINTIFF**

v.                                                                           CAUSE NO. 3:13cv977-LG-JMR

**RAUL PINON, ET AL.**                                                            **DEFENDANTS**

---

**RAUL PINON**                                                                   **THIRD-PARTY PLAINTIFF/
COUNTER CLAIMANT**

v.

**PERCY BLAND, III**                                                  **THIRD-PARTY DEFENDANT**
and
**STATE FARM FIRE & CAS. CO.**                                **COUNTER DEFENDANT**

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION TO DISMISS

BEFORE THE COURT is the Motion [24] for Judgment on the Pleadings, or to Dismiss, or for Summary Judgment, filed by State Farm Fire and Casualty Company, the plaintiff and counter defendant in this case.[1] State Farm seeks dismissal of Raul Pinon's Amended Counterclaim pursuant to Fed. R. Civ. P. 12(c), 12(b)(6), or 56(c). After consideration of the submissions and the relevant law, it is the Court's opinion that Pinon's negligence claims against State Farm are barred by Mississippi's three-year statute of limitations, and the bad faith claim is

---

[1] The Motion is unaccompanied by a memorandum brief, as required by L. U. Civ. R. 7(b)(4). Given the length of time the Motion has been pending, however, the Court will consider the argument within the Motion rather than require that it be refiled with a separate brief. Counsel is advised to follow the Local Rules in future filings.

inadequately pled. Accordingly, the Motion to Dismiss will be granted.

BACKGROUND

State Farm filed this suit seeking a declaration of its obligations to defend and/or indemnify for claims against defendant Raul Pinon in a suit filed on May 21, 2012 in Lauderdale County, Mississippi, pursuant to two policies of insurance it issued to Pinon. In the lawsuit, a minor, C.S., alleges that Pinion began abusing her emotionally and physically when she was ten years old. She also claims he sexually abused her in multiple locations, subjected her to emotional distress, committed acts of medical negligence, used his medical license and influence to gain her trust and the power to commit these acts against her and to provide her with medical treatment and advice, threatened her, blamed her, and brainwashed her. (Am. Compl. Ex. A, ECF No. 4-1). State Farm asserts that C.S.'s claims against Pinon are not covered by either the Homeowners Policy or the Personal Liability Umbrella Policy it issued to Pinon, and therefore it has no duty to defend or indemnify him.

Pinon filed an Amended Answer, Counterclaim and Third Party Complaint in which he makes claims against State Farm and State Farm insurance agents Charles Garrett and Percy Bland III. (Pinon Answer, ECF No. 17). Pinon alleges negligent procurement of insurance against Bland, Garrett, and State Farm; negligent or intentional misrepresentation against Bland and Garrett; and insurance bad faith against State Farm. State Farm moves for dismissal of the claims against it under Rules 12(b)(6), 12(c) and 56. It argues that the failure to

procure and misrepresentation claims are barred by the statute of limitations, and in any event cannot be made against State Farm. Further the bad faith "claim" as alleged is merely a reservation of Pinon's right to bring a bad faith claim, and as such it states no legal basis for relief.

### 1. The Legal Standard

As an initial matter, the Court must determine whether State Farm's motion can be treated as a motion to dismiss, or whether it must be converted into a motion for summary judgment. Rule 12(d) requires Rule 12(b)(6) motions to be converted into Rule 56 motions for summary judgment when matters outside the pleadings are presented to and not excluded by the court. In considering a motion for failure to state a claim upon which relief can be granted, a court must typically limit itself to the contents of the pleadings, including their attachments. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000). In analyzing State Farm's arguments for dismissal, the Court refers to the complaint, the insurance policies attached to the complaint, and the allegations of Pinon's counter-claims. No matters outside the pleadings and their attachments have been considered, making the appropriate legal standard that under Rule 12(b)(6).[2]

When considering a motion to dismiss under Rule 12(b)(6), the Court must

---

[2] The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). *Chauvin v. State Farm & Cas. Co.,* 495 F.3d 232, 237 (5th Cir. 2007).

accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club Inc.,* 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Whether this standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**2. Negligent Procurement of Insurance and Misrepresentation**

State Farm argues that Pinon's negligence and fraud claims are barred by the three-year statute of limitations in Miss. Code § 15-1-49. State Farm also argues that the claims fail for more substantive reasons - because they may not be brought against an insurer in the circumstances alleged here. As the Court finds the limitations issue dispositive, the substantive issues will not be addressed.

Each of these claims is subject to the three-year statute of limitations. *Stephens v. Equitable Life Assur. Soc'y of U.S.*, 850 So. 2d 78, 82 (¶12) (Miss. 2003) (fraud); *Oaks v. Sellers*, 953 So. 2d 1077, 1080 (¶10) (Miss. 2007) (negligence).

Accrual of the claim depends on the language of the policy in question:

> "[I]f an insured is put on notice by the plain language of the policy that the agent's verbal representations are false, a fraud claim accrues on the date of the sale." *Weathers v. Metro. Life Ins. Co.,* 14 So. 3d 688, 693 (Miss. 2009) (citing *Stephens,* 850 So. 2d at 84-85). However, "if the plain language of the policy does not clearly contradict the agent's representations such that the insured is put on notice, a fraud claim accrues when the insured becomes aware of the misrepresentation." *Weathers,* 14 So.3d at 694 (citing *Stephens* at 84–85).

*Bank of Commerce v. SouthGroup Ins. & Fin. Servs., LLC*, 73 So. 3d 1106, 1110 (Miss. 2011). In the *Bank of Commerce* case, the Mississippi Supreme Court found that the statute of limitations began to run when the policyholder was notified by the insurer that it was under no duty to defend or indemnify the policyholder. *Id*. at 1110-111 (¶23) ("Before the Bank received the letter, it was not clear to the Bank that it would not be covered under the policy.").

Applying the analysis to this case, if the plain language of the policies clearly contradict the agent's verbal representations, then the claims are barred by the statute of limitations, because Pinon alleges he purchased the policies in 2007. (Pinon Answer 6, ECF No. 17). If the policy language is not clearly contradictory, then Pinon brought his claims well within the three year limitation period, because he filed them within months of C.S.'s complaint giving rise to this coverage dispute.

Pinon alleges that he told Bland or Garrett that he wanted to purchase "full personal liability coverage to cover him from any and all acts, intentional or negligent up to the amount of $2,000,000.00." (Pinon Answer 6, ECF No. 17). He alleges that Bland or Garrett represented that "this insurance was available to

protect him from any and all acts, intentional or negligent up to the amount of $2,000,000.00 and assured him that he would be covered under the policy they would procure." (*Id*.). In response, State Farm asserts that coverage for all acts is not available in Mississippi, citing *American Manufacturers Mutual Insurance Company v. Stallworth*, 433 F. Supp. 2d 767 (S.D. Miss. 2006). Pinon agrees, arguing that "[w]hile coverage may not be available for 'all acts,' State Farm offers coverage which will provide a defense for negligent acts such as those which have been alleged in the underlying suit." (Pinon Response 11, ECF No. 32). Pinon specifically argues that Bland or Garrett represented that coverage and a defense would be available in cases where negligent acts were alleged against him, and that the policies do not clearly contradict that representation. There appears to be no dispute that the policies clearly exclude the intentional acts alleged by C.S.

Pinon does not refer the Court to any portion of either insurance policy in support of his argument that they provide coverage for the negligence alleged by C.S. In reviewing the policies, the Court notes that the Personal Liability Umbrella Policy clearly excludes coverage for the medical negligence alleged by C.S. The policy states there is no coverage for any "loss arising out of any insured providing or failing to provide a professional service." (Compl. Ex. C 7, ECF No. 1-4). Similarly, the Homeowner's Policy provides that there is no liability coverage for "bodily injury or property damage arising out of business pursuits of any insured" or "bodily injury or property damage arising out of the rendering or failing to render professional services." (Compl. Ex. B 16, ECF No. 1-3). Because the plain language

of both policies clearly contradict the agents' alleged verbal representations that they covered medical malpractice or negligence, Pinon's misrepresentation claims are barred by the statute of limitations. Pinon was on notice of the falseness of the agents' representations regarding the terms of the policies since they were purchased in 2007, and therefore his claims accrued at that time.

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). It is evident that these claims are barred, and there is no indication in the pleadings that a basis for tolling exists. Accordingly, these claims will be dismissed for failure to state a claim.

### 3. Bad Faith

State Farm argues it is entitled to judgment as a matter of law in regard to Pinon's claim of bad faith refusal of coverage. Mississippi law recognizes a claim of bad faith refusal of insurance coverage, and a corresponding chance to recover punitive damages, if a plaintiff can prove that (1) the claim or obligation was in fact owed, (2) there was no arguable or legitimate reason to deny coverage and (2) the insurer acted willfully, maliciously, or with gross and reckless disregard for the insured's rights. *Essinger v. Liberty Mut. Fire Ins. Co.*, 529 F.3d 264, 271 (5th Cir. 2008); *Liberty Mut. Ins. Co. v. McKneely,* 862 So. 2d 530, 533 (Miss. 2003).

State Farm argues that Pinon has failed to allege that it has breached the terms and conditions of the policies issued to him. Pinon counters that he has

adequately alleged the denial of a defense and indemnification to state a claim for bad faith. Pinon "asks that this court not foreclose his ability to bring a bad faith claim against State Farm in this ongoing coverage dispute."

Pinon's bad faith allegations are that there are valid contracts of insurance between himself and State Farm, and

> State Farm is either negligently or intentionally denying coverage to Raul Pinon and may attempt to deny a legal defense on a claim which under the policy provisions should be covered by their insurance policy
>
> Raul Pinon reserves his right to bring an insurance bad faith claim against State Farm for denying his coverage, not providing him a defense in the underlying action and/or bringing this declaratory judgment action.

(Pinon Answer 10, ECF No. 17).

These allegations are insufficient to state a claim for bad faith. Pinon does not allege that State Farm has denied him a defense, only that it may do so. And although State Farm disputes whether the causes of action alleged by C.S. are covered under the policies, instituting a declaratory judgment action to settle a coverage dispute is not bad faith denial of coverage. *Stratford Ins. Co. v. Cooley*, 985 F. Supp. 665, 673 (S.D. Miss. 1996); *Accident Ins. Co. v. Classic Bldg Designs, LLC*, No. 2:11cv33-KS-MTP, 2011 WL 1813268, *4 (S.D. Miss. May 6, 2011) (filing declaratory judgment action is not only not bad faith, it may actually be prima facie evidence of good faith). For these reasons, the Court finds that Pinon's allegations of bad faith denial of coverage are insufficient to state a plausible claim against State Farm.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [24] to Dismiss, filed by State Farm Fire and Casualty Company, is **GRANTED**. Plaintiff's claims against State Farm Fire and Casualty Company are **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6).

**SO ORDERED AND ADJUDGED** this the 13th day of January, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE